UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER HAVEKORST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHERN TRINITY HEALTH SERVICES, INC.,<br><br>　　　　　Defendant. | No. 2:17-cv-00622-KJM-EFB<br><br><br>ORDER |

Having reviewed the allegations of the complaint and the parties' briefing on defendant's motion to dismiss, and heard argument from counsel at hearing on the motion, the court orders as follows:

The right to remove a state court case to federal court is clearly limited to defendants. 28 U.S.C. § 1441; *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) [hereinafter *AIU*]. Although here plaintiff has not technically removed his case to federal court, the Ninth Circuit has made clear the rule prohibiting plaintiffs "from removing cases to federal court under 28 U.S.C. § 1441 also bars [plaintiffs] from bringing [a] repetitive lawsuit in federal court." *AIU*, 843 F.2d at 1260.

Here, the complaint plaintiff previously filed in state court and his federal suit brought here articulate the same legal theory and claims: Plaintiff, an 82-year old dentist, was

1

fired in July 2015 while on temporary disability leave.  *See* State Compl. ¶¶ 26–29, ECF No. 20; Compl. ¶¶ 23–31, ECF No. 1.  As did plaintiff's state court complaint, plaintiff's federal complaint makes the following six claims: (1) Violation of the Age Discrimination in Employment Act; (2) Violation of the Americans with Disabilities Act; (3) Age Discrimination in Violation of the California Fair Employment and Housing Act; (4) Disability Discrimination in Violation of the California Fair Employment and Housing Act; (5) Wrongful Termination in Violation of Public Policy; and (6) Conversion.  Plaintiff's counsel conceded at hearing that the complaints are identical.

Procedurally, plaintiff commenced his action in state court with the filing of a miscellaneous motion fourteen weeks before he filed his federal complaint.  In the interim, plaintiff filed his state complaint, which defendant answered.  The state court resolved plaintiff's motion to set aside the parties' arbitration agreement, and defendant served discovery.  Mack Decl. ¶¶ 5–7, ECF No. 24.  Plaintiff filed his federal complaint a day before his discovery responses in the state action were due, and he dismissed his state complaint a day after he filed the federal action here.  Pl.'s RJN Ex. E, ECF No. 25 at 41.[1]

Here, dismissal is warranted for several reasons.  First, the state suit proceeded on the same legal theories and claims as now pled in this action.  *See Ryder Truck Rental, Inc. v. Acton Foodservices Corp.*, 554 F. Supp. 277, 279 (C.D. Cal. 1983) (dismissing federal case as repetitive of state suit for "breach of the same lease and service agreement at issue in the instant [state] case").  Second, the parties are identical in both cases, and a state court decision would be *res judicata* in the federal proceeding.  *Id.*  Third, as plaintiff concedes, his claims allow for concurrent state and federal jurisdiction; plaintiff could have chosen to maintain the entirety of his action in state court, but did not.  *Cf. Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court.").  Having elected to litigate in state court, plaintiff is "bound by [his] choice."  *Ryder Truck Rental, Inc.*, 554 F.

---

[1] The court takes judicial notice of the state court proceeding granting plaintiff's request to dismiss.  Fed. R. Evid. 201.

Supp. at 280; *accord Robinson v. Nestle Waters N. Am., Inc.*, No.11–856, 2011 WL 2174375, at *6 (E.D. Cal. June 1, 2011). Moreover there is no compelling reason for plaintiff's case to be allowed to proceed here, that might provide an exception to dismissal. In particular, when asked at hearing whether statutes of limitation would preclude plaintiff from refiling any of his claims in state court, counsel indicated there are not.

Defendant's motion is GRANTED, without prejudice to plaintiff's refiling his case in state court.

This resolves ECF No. 18.

IT IS SO ORDERED.

DATED: June 16, 2017.

_____
UNITED STATES DISTRICT JUDGE

3